F I L E D
Clerk
District Court

NOV 05 2024

for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS
** BANKRUPTCY DIVISION ****

| | |
|---|---|
| In re: KEVIN MAYHORN,<br><br><br><br>Debtor. | Case No. 1:19-bk-00003<br><br>DECISION AND ORDER APPROVING AMENDED APPLICATION FOR COMPENSATION OF DEBTOR'S ATTORNEY |

Before the Court is Attorney Vincent Seman's amended Application for Compensation (ECF No. 131) and Disclosure of Compensation (ECF No. 119) for legal work he performed for Debtor Kevin Mayhorn. In support of his amended Application, Attorney Seman attached Time Entries. (ECF No. 131-1.) Both his amended Application and Time Entries were served on all counsel of record and Debtor Mayhorn. (Certificate of Service, ECF No. 132.) Trustee Nima Ghazvini made no objections to Attorney Seman's amended Application, which were due November 4, 2024. After reviewing the amended Application and relevant authorities, the Court hereby approves the amended Application.

### I.    BACKGROUND

Attorney Seman first filed his Disclosure of Compensation on August 7, 2024. (Disclosure 1.) Three days later, he filed his Application for Compensation. (ECF No. 120.) Trustee Ghazvini objected to the Application stating that it was not supported by time records and that it did not address whether the balance of funds would be returned to Debtor Mayhorn. (Objections 1, ECF No. 123.) Attorney Seman did not file a reply but at the hearing on his

- 1 -

Application, he requested a continuance to file an amended application. (Mins., ECF No. 130.) The Court granted his request for a continuance and apprised Attorney Seman that the amended application was to be promptly filed and served. (*Id.*)

## II.   DISCUSSION

Federal Rule of Bankruptcy 2016(a) states that an entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application detailing "(1) the services rendered, time expensed and expenses incurred, and (2) the amounts requested." Further, 11 U.S.C. § 329(a) and Rule 2016(b) requires an attorney representing a debtor to file with the Court a statement of compensation paid with particular information such as any sharing of the compensation. Title 11, U.S. Code section 329(b) dictates that "[i]f such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive . . . ." Bankruptcy Code § 330 outlines the standard that courts are to use in determining whether, under § 329, the fees exceed the reasonable value of the services. *Am. Law Ctr. PC v. Stanley (In re Jastrem)*, 253 F.3d 438, 443 (9th Cir. 2001).

When the Court is determining whether compensation is reasonable, it shall take into account relevant factors including, (A) the time spent on the services; (B) the rates charged for the services; (C) whether the services were necessary or beneficial at the time the services were rendered; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) whether the person demonstrated skill and experience in the bankruptcy field; (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than bankruptcy cases. 11 U.S.C. § 330(a)(3);

1    *Frank v. Tiffany (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997); *Hale v. United States Trustee*

2    *(In re Basham)*, 208 B.R. 926, 933 (9th Cir. B.A.P. 1997).

3             Here, Attorney Seman filed his Disclosure, which outlines the total received for services

4    rendered to Debtor Mayhorn, the source of the compensation, and any sharing agreement.

5    (Disclosure 1.) Further, his amended Application details the services rendered, time expensed

6    and expenses incurred, and the amount requested. (Am. Appl. 2-3, Time Entries 1-4.)

7    Considering the factors under 11 U.S.C. § 330(a)(3), the Court determines that Attorney Seman's

8    compensation is reasonable and not subject to disgorgement. Accordingly, the Application is

9

10   granted.  Furthermore, the hearing set for November 7, 2024, on this matter is vacated.

11            IT SO ORDERED this 5ᵗʰ day of November 2024.

12

13

14                                             _____
                                               RAMONA V. MANGLONA
15                                             Chief Judge

16

17

18

19

20

21

22

23

24

25

26

27

28